Action of trover for a negro slave named Thaddeus, "the proper man slave of" the plaintiff.
Thaddeus was the slave of one Jeremiah F. Kinney, and as such was bound by execution process in the sheriff's hands against Kinney. After the issuing this execution, and before the levy, Kinney sold and delivered the boy to N. W. B. Horsey, who had no knowledge of the execution. The boy was afterwards levied upon and sold by the sheriff to one Lewis Jefferson, who immediately transferred him to plaintiff, who was a son in law of Daniel Knowles, a negro trader, and who had until recently lived in the State of Ohio. Jefferson was not present at the sale; and soon after left the State.
A witness was asked if Jefferson also was a negro trader; which, though objected to, was allowed; and the answer was that he bore that character.
Mr. Cullen. — Jefferson bought the boy as the agent of Taylor, and transferred the bill of sale at once. He has no interest in this suit; his character cannot be in issue in it. Though the purchase of a negro with intent to export him unlawfully frees the negro, it is a question between the negro and purchaser, not between the purchaser and another. *Page 132 
 The Court: — The testimony may be irrelevant, or it may be followed up so as to make it relevant. The criminal law of the State prohibits the sale of a slave to a person residing out of the State, or to a person residing in the State, who intends to export him unlawfully; and the purchase of a slave with such unlawful intent, frees the negro. A foreign purchaser could not, in violation of this law, maintain an action in our courts for such a slave; nor could a purchaser within the State, who bought with intent unlawfully to export him, maintain an action for the slave. In such case the courts refuse to aid in carrying out a fraud on the law itself. And on the question of theintent with which a person bought a slave, his general character as a negro trader is relevant, and admissible in evidence.
Mr. Saulsbury moved a nonsuit, on the grounds — 1. That the assignment of the bill of sale to Taylor was dated five days before the sheriff's sale; and 2. that the property declared for was not the property proved; the declaration being for a negro man, and the proof of a boy eight or ten years old.
Mr. Cullen. — 1. The action is in trover; the bill of sale is not declared on; a question of property is pending; a sale of the negro is proved; a public sale; by the sheriff; the fact of a bill of sale subsequently made, reciting the sale; and yet it is all to be nothing because a mistake in the date of the bill of sale cannot be corrected according to the fact. 2. The term "man-slave" is indicative of gender and not of age.
Mr. Layton replied: —
But the court refused the nonsuit on both grounds taken by Mr. Cullen.
The Court: — The writ of fi. fa. binds the debtor's property from the time of its issue, so as to avoid any transfer of property, even before actual levy; though it may not give the sheriff such a right of property as to enable him to maintain trover or replevin, until actual levy.
 The plaintiff finally had a verdict.